The opinion of the court was delivered by
Gibson, J.
There is no pretence to say, that the notary public was not a competent witness to explain, or even contradict his own certificate, The certificate of protest is, undoubtedly, made evidence by the act of assembly, but only for the sake of convenience; and it would be highly dangerous, and going far beyond the object of the legislature, to declare it to be conclusive. It is conceded that it might be impeached by the testimony of third persons. Buti that would in effect be nothing, as the particular cir-’ cumstances, in almost every instance, must rest exclusively in the knowledge of the notary. But if an objection could be made, it would Come with effect only from the notary himself; and it does not appear that he objected to being examined.
A variety of objections are made to the charge; but as only one of these is material, I shall confine my .remarks to that one. The note on which such is brought, was delivered to a person of the name of Weaver, to be deposited in bank for collection: but on the Saturday immediately preceding the day on which it fell due, the holder agreed that if the drawer would give him 45 or 50 dollars, *379 he could consent to have it renewed for another year. This was agreed to, and the defendant, who is the payee and indorser, indorsed another note which was delivered to the plaintiff, together with, the sum for which he had stipulated; and on this the latter endeavoured to find Weaver, that the original note might be withdrawn from bank; but in consequence of his not being able to find him, it was not withdrawn, but protested and put in suit. On this statement of facts the court instructed the jury, that the plaintiff could not recover; and what plausible ground of objection there can be to this, I am at a loss to discover. The drawer, the payee, and the holder, were all parties to an agreement to substitute a new note for that on which suit is brought, which was to be¿delivered up; and no two of these could dispense with the agreement without the assent of the third. On the part of the payee, his consent to a continuance of his responsibility, was a valuable consideration for the agreement, to discharge him from liability on his'original indorsement, of the benefit of which nothing could deprive him. He might have insisted on having the note protested, and by this means have procured payment by the drawer; but having waived this, and adopted his arrangements to an extension of the day of payment, he is not unexpectedly to be pounced upon with a demand for immediate payment. But this is a proposition almost self-evident; and which can receive little illustration from argument. The original note was extinguished by the subsequent agreement. Then the remaining exceptions relate to matters that were wholly unnecessary to the defence, and therefore, if in respect of these, the charge were'erroneous in the abstract, it ought not to be the subject of a writ of error. We do not sit here to settle abstract principles, but to correct errors by which substantial injustice has been done. I am not disposed to say there is error in any part of the charge; but certainly there is none in any thing material to the issue; and therefore, the judgment is affirmed.
Judgment affirmed.